*354 THIS cause was first decided on the C.íih Natetn* her 1809, by Bibb chief justice, Boyle s.-rond judge, and Wallace third judge. The opinion then delivered by Judge Wallace was as follows ;
The appellant exhibited his bill in chancery in the Bourbon circuit court, in which he alleges that he has, by a good and valid entry, the superior equitable right to land for which the defendants in that court and in this have obtained elder grants ; and on his bill being dismissed he appealed to this court.
His entry is as follows : “ May 30, 1780, William C. Webb enters 950 acres on the waters of Licking, on Stonet’s fork, at the mouth of the third branch above Stoner’s, on the east side of the creek ; beginning at the mouth of the run, and running up the creek, thence back, including both sides of the run, including a small improvement and sugar tree marked D. D.”
It seems to this court that the court below has construed this entry too rigidly, or in a way which the calls it contains, taken in conjunction with the testimony and surveyor’s report, do not necessarily require.
The notoriety of Licking, Stoner’s fork, and Stoner’s branch, at the date of this entry, are well established. All the branches or runs which this entry requires to be regarded, are sufficiently proven and delineated. And it is satisfactorily proven, as well as agreed, that on the east bank of Stoner’s fork, a small distance above the mouth of the run or branch which the appellant claims as his Beginning, there existed, before and after the time this entry was made, a small improvement and a sugar tree marked D. D. It is indeed proven, that between the branches which have been alluded to there are some short drains or gutts that commence in the cliffs of Stoner’s fork, and springs that arise near the banks thereof and run Into it; but it is conceived that they ought not to be called branches ; and the witnesses who speak of them depose that in their estimation they do not déserve the name. And it may be further observed. that the words branch and run are obviously used in this entry as meaning the same thing : and certain it is tharthosfe names are equally applicable to watercourses of the smaller size, such as those exhibited *355 ¡n the surveyor’s report as emptying into Stoner’s fork. It is ⅛⅛⅛ obvious, that the words fork and creek, or Stoner’s fork and Stoner’s creek, are used as convertible terms in this entry.
the creek meant with the mean-
ftrtata 0f COniiderab!e magnitude, wa. • Me cpimtry. pr0yed by the name of Stoner?and noÉ have been known by any cume thatP ⅛« name was co-hrsc exploring thereof, and that it was generally known» tnole acquaint* ted in part oftbe country,
Stone,’s ”»• the head of ihe branch being Pro«3» neru ^branch,” ⅛ prefumed.
'1,ieíur'rey» square a$ may be, and how ti be tSKasai'
So that the first contested point arising on this entry . . .. , ,. * . , u , , ; is to ascertain the place ot beginning thereby intended. “ At the mouth of the third branch above Stoner’s, on the east side of the creek,” is the clause upon which this point depends ; and it is urged that there are two equivocal expressions in this clause which render the place wholly uncertain. “Above Stoner’s” is one of them. The word Stoner’s is evidently a noun substan-tative in the genitive case, sometimes styled the posses-give case, and the word a possessive noun; which is governed in that case by another noun, either expressed ar implied. When the other noun is expressed, it is always subjoined to the nossessive noun ; but when . . J ° , ■ 1 , , .. , . it is not expressed, it must always be supplied by repealing that noun in the sentence or clause of the sen-tertce which immediately precedes the possessive noun. In the present instance, branch is the noun immediate-10 iv preceding the word Stoner’s, and when subjoined thereto the clause will stand thus — -at the mouth of the third branch above Stoner’s branch ; which removes this supposed ambiguity.
lt mav be true that locators have not always expres- , . . „ , sed tneir meaning very grammatically ; but it is also true that when they have done'it they are entitled to tile benefit, and the expressions they have used ought to . „ . i- . i • J ° - be taken according to tneir grammatical construction, unless from other expressions in their entries it becomes necessary or more rational to understand them otnerwise ; but no such impropriety or expression has been pointed out or can be discovered by the court in this entry.
The other doubtful expression' is, “ on the east side of the creek.” At first view this call may appear applicable either to the branches called for or to the land intended, but not to both. Here a sentiment with regard to the construction of entries ought to be recoiiec-ted, that as they were made by those who cannot be supposed to have had the aid of counsel, to enable them to make their locations with the greatest skill and accuracy ; therefore the expressions they have used, should. *356 if i •■.. tkahl -, he so taken as to make their entries fair. ... e ri effectual. in this entry the < xpressioa “ on il:. . : . ■ i,it- or (he creek,5’ is indispensable to point out ⅛⅜- vo- g1 m-.el; t a hnd lay which was aimed at; v/h^r ¡sit i o-n m edci to give precision to the coil *⅛ at tr" iru-i-tii . t t.'. third branch above Stoner’s.” L¡rieul -his < vu -cs’otaken as applicable to trw situ - >•( i ; a >1 placed in itsnatur.il a.id nio-t ,o.i jo,i ..5,1 i. It ought to have been placed iir>-r.'etha A- . 'ur tkc tiprcbsion “ Stoner’s fw.L.” Rut pjeie,- '.omcec, not t aly in entries, but in ether \yris._ •' 'o io be found, where, to give a word or ex-prcssi->; a reasonable effect, the whole of the precedin',; parts of the clause with which it is connected must ! c considered as the antecedent to which it alindes : or, in other words, it must be taken as referring to the principal object in contemplation, (a) and the intermediate expressions as only explanatory or descriptive of that object : and this should always be done when it will render the sentiment or description complete, and when otherwise taken it would not be so.
It is further conceived, that locators being diiected by this entry to begin to count branches from Stoner’s branch, which was on the west side of Stoner's fork, renders it highly improbable it was intended to confine them to the others which were ou the east side thereof. Moreover, “a small improvement and a sugar tree marked I). D.” are also called for ; and if any subsequent locator supposed that the branches on the east side of Stoner’s fork only were intende d, it would have been his duty to go up the lork to search lor the improvement, as well as to count the branches ; and the presumption is violent, that he could not have failed to discover it ; because it is proven to have consisted oi some trees girdled, some saplings and brush cut and heaped, and a tree marked D. If.; and that it was situ • ated on the bank of Stoner’s fork, near a spring, ubci’t 50 pul.-; wc the bi^c-'i >r~l' em- ii.g therein cm its s. .'r u is to ',/k\ the ■ 'sit '-'w called j-.og.trs’s uin „ theseivie it ;v i'o tv J a see ¡. *t a cewsicfeiable dis-tin. - An 1 '.nil. id ii'i'.rovtawi c was found, ho v.'/j'w ,■ t-r.1 v' i ivr been convinced that the b¡"inches oa bod. M • i *■ i.e fork wete intvudcd, and that the mouth of the branch near the improvement, which is *357 the third hr.mch iffoye Stoner’» branch, counting those ol both sides ,iíStone¡’s folk, was the beginning of the i, at' The cntiy indees not specify where this uuprovenunt w <s to be found; but its situation being on the bank of Sumci’s foil, which it was requisite to traverse to count the hr iv'(. s emptying into st above Stoner’s bran eh, ,opp!>. ti the H, Ret ; and the improvement being o dy a nule or (<?o ab'-ve, no great length ot time would bare been <-’0 uriie-1 in finding- it.
The beginning ui this cntiy hating been fixed, it only remains to be determined now it ought to have been sui eeyed.
The other locative calls are, “ running up the creek, thence back, including both sides oí the rurs, including a email improvement and sugar tree marked i). D.” including the said quantity of y.50 acres, is not added, but must be understood. The call, running up the creek,” it is conceived must mean running up Stoner’s iork with its meanders ; because running up the creek on any direct course, when no direct course is expressed or implied, would be adding to the entry, and rendering that vague and uncertain which is not necessarily so. And although in some eases, a direct course, when Up or down a watercourse is called for, may be the proper construction, yet it would not be proper, in this case, for the reasons just suggested ; and so it was virtually adjudged in a similar case, Calk vs. Stribling, (vol. 1, p. 123.)
By the cali “ thence back,” taken in connection with the preceding calls, must be meant, extending cast-wardly from the creek ; and conformably to the squaring principle which has been established, the survey should have been as near a square as the meanders cT, that part of the creek on which it binds would permit, See.
[ The court then proceeded to direct the manner of executing the survey ; but a difference of opinion existing among the judges as to the manner of surveying, an amendment to the decree was afterwards made, with which one oí the judges was sr’ii dus-Uisfi-d, and duringthe term a rehearing was g¡ -n d. No ,v at this term, before Boyle chief justice, Tali wr., Log »⅛- and Clark judges, the cause v, wary vd and the opinion of the court delivered by it dge Walla qh as follows.}
*358 In the argument of this cause, great zeal and talents were displayed by the counsel for the appellees. But the court is still of opinion, that its former decision therein is substantially correct, so far as relates to the place of the beginning of the appellant’s entry. On this point it is therefore only necessary to add to that decision, that on the rehearing, and not before, it was urged that Stoner’s fork or creek is not proven to have been generally known by that name, at the time this entry was made. This, however, is conceived to be a mistake. James Kenney deposes, “ that he has been acquainted with the creek called Stoner’s fork of Licking, by that name, ever since the year 1780, and that it had been notoriously known by that name ever since, and irons the commissioner’s books it look the name of Stoner in the fall of 1779.” This part of his deposition is not worded with the highest degree of perspicuity. But by the expressions, ever since the year 1780, and that it was notoriously known by that name ever since, taken in connection with the rest of this quotation, it seems evident that that year was meant to be included ; and in this way, it is believed, such expressions are sometimes used and understood in common parlance : indeed examples of the kind might be referred to even m classical writings.
But supposing the court to have been mistaken as to Kenney’s meaning in this part of his deposition, still it is well known that Stoner’s fork of Licking has long been generally distinguished by drat name, and inasmuch as H is not proven to have been ever designated by any other name, it is conceived that it ought to be presumed it was always so styled, until the contrary is shewn ; or at least, that a watercourse of so considerable a size, which passes through one of the most desirable parts of the country, was known to the generality of those who first explored and made improvements in that quarter, and that it was also known to them by the name of Sto-ner’s fork, or Stoner’s creek, from the time that Stoner’s, improvement became very notorious.
It is also objected that Stoner’s branch is not provea! to have been generally known by that name, at the date of the appellant’s entry; and taken in the most 11. and rigid sense, this seems to be true. But it is provea that a certain Midjsel Stoner, prior to the year 178⅜. *359 !>.-•! a very notorious ⅛ which formed a branch. movement adjacent to a spring v.h'nh emptied into Stoner’s f, .,⅛, witbin the short distance of about half a mile from the '■■pring ; consequently, this spring and branch ought to be presumed to be equally well known ; and that all those «ho knew Stoner’s improvement would understand th“ cr.il bn- Stoner’s branch in the same way ; inure especially as it is proven to have retained the name of Stoner’s branch, long after Stoner ceased to have any interest in tins improvement. So Thomas Kennedy de-pos's he would indubitably have understood it, to wit, the branch formed by Stoner’s spring, or the spring-near Stoner’s improvement. And here it may not be mrd-.s farther to observe, that all the witnesses who have ber ’i interrogated in the case, on the meaning of the calls contained in the appellant’s entry, have deposed that they understand them as they are understood by this court> and from some of the interrogatories propounded to the witness by one of the adverse party, it is evident that he likewise understood those calls in this same way ; and that this consideration Stas contributed to remove the doubts which have been excited by the ingenuity of their counsel.
The beginning of the appellant’s entry having been correctly fixed, as it is believed by this court, at the mouth of Rodgers’s branch, it is also still of opinion. Uj;-t the entry should have been surveyed as nearly in a Square form as the circumstances of the case would permit ; and that the said former decision should so far stand unaltered. But on reflection, it now appears that the directions which were given for accomplishing this purpose, are not as perfect as could have been devised.
Therefore it is now decreed and ordered, that all the remaining part of the said decision be set aside, and that the 1 olio wing directions and decree be substituted in lieu thereof, by way of amendment. Trie base of the survey should commence on the margin of the lower or north-westwardly bank of Rodgers’s branch, at its junction with Stoner’s creek* and be extended up the eastern bank or margin of the creek, so far that when reduced to a di~ rect .line it will be the square root of the number of poles, contained in 950 acres ; then the line back, or out to the eastward, should be extended at right angles from ■ ic termination or upper extremity of the said base, and *360 the distance be ascen.fi nt 1 ' ik.v c . If the creek should be found to bend n ’ >v, „:d ,fh ’ c !v of <J;e fend to be surveyed, or fall to tú- ¡Ai i >¡ví c.i th- ‘aid direct line, the number i Í p jio < out fix- •! m th- quantity of land included hctw.xn tie- sou! c:> t>: and she said direct line must be added to the number.of poits contained in 950 acres, and their amount .divided by the said base will be the length oi the said second line-But should the creek be foifnd to bend out fmm the body of the said land, or fall to the right hand of tlx said direct line, the number of poles contained in the quantity of land included between the said creek and the said direct line must be subtracted from tlx number of poles contained in 950 acres, and the retj/ivbr divided bv the said base will be the length of die said second line, And then a third .line run at right angles from the termination of the said second line, and a fourth line run at right angles from the beginning of the said base or first line, and extended until they intersect each other, will include the quantity of 950 acres as nearly in a square as the meanders of the said creek will admit; and if Rodgers’s said branch shall be found to be included therein, all the special calls of the complainant’s entry will thus be complied with. But should it be found that the said branch will not be included therein, the third line must be extended so far as to cross the said branch, and the number of poles contained in the quantity of land between the lower or northwestern margin of the branch and the .said fourth line must be subtracted from the number of poles contained in 950 acres, and the length of the base must be only the square root of the remainder : then the length of the second line must be ascertained by adding to, oi subtracting from the remainder, as the case shall require, the quantity of land between the said direct line and the said creek, as before directed ;■ and then the third line must be mo at right angles from the termination of the said second Une ; and the fourth line must be run from the beginning of the first line along the northwestern margin of Rodgers’s branch pntil it meets the said third line. It need not be mentioned, that if the square first directed to he made should not include Rodgers’s branch, considerable difficulties will mist* in making the survey; because the length of all the said *361 i-n..- lines a'Ust necessarily be varied, and probably their •.o‘:r'-e<!, So that the survey can only be completed by making rept ated essays or experiments: to do which w ith the greater ease, it will be best to begin by making an accurate survey of the meanders of the said creek and hr.ie. h from their junction, so far up each of them as may be necessary, anti to delineate them on paper with equal accuracy ; and then the manner of complying -with the preceding directions can be ascertained by making ess,us on this delineation, which will save the trouble ol making many essays on the ground.*
Wherefore it is further decreed and ordered that the decree of the circuit court for the county of Bourbon in this suit pronounced, be reversed with costs ; and the suit remanded to said court, that, conformably to the former opinion of this court, as now amended, it may cause the metes and bounds to be ascertained of so much of the said appellant’s surveys on his said entry, as they have been made, which shall fail within the survey on the said entry as now directed to be made, and also so far as they shall be found to interfere with the respective claims ot the said appellees, and enter up decrees therefor against them severally in favor of the appellant; and moreover to decree and order whatever else law and equity may require to be done in the case. And it is further decreed and ordered that the said appellant do recover from the said appellees his costs in this court expended,

 Acc. Shannon vs. Buford ante 117.

 BrBflv C- - J. was of opinion that the furvey fhould he executed in this manner : ill, From the mouth of the third branch extend up Stoner’s fork, with the meanders, a d Ufanee when reduced to a right line equal to one .fide of a iquare area of 950 acres* ad, From the upper termination- of this right fine extend another at right angles thereto. 3d, From the mouth of the itbird branch to run up it, with its meanders, taking in both it3 banks* ¿The lines before directed to be run from the upper and the lo^-er termina-» •tion on Stoner’s fork, to be purfued jo fur that a fourth Hue parallel to the ftrjl (or reduced line on Stoner’s fork) would dole the furvey and give the quantity located.